**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JESSE GUZMAN, | Civil Action No. 05-3313 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| ADMINISTRATOR, OFFICE OF DISABILITIES MANAGEMENT, |  |
| Defendant. |  |

**APPEARANCES**:

>   JESSE GUZMAN, #436808A, Plaintiff Pro Se
>   New Jersey State Prison
>   CN 861
>   Trenton, New Jersey  08625

**COOPER**, District Judge:

Plaintiff Jesse Guzman seeks a writ of mandamus pursuant to 28 U.S.C. § ("Section") 1361.  This Court grants his application to proceed in forma pauperis pursuant to Section 1915, see Madden v. Myers, 102 F.3d 74 (3d Cir. 1996), and dismisses the Petition for lack of jurisdiction.

### I.  BACKGROUND

Plaintiff asserts that he (1) suffers from diabetes, heart disease, and arthritis, (2) is eligible for disability benefits under the Americans with Disabilities Act ("ADA"), and (3) wrote on May 11, 2005, to the Administrator of the Office of Disabilities Management, 33 West State Street, 9th Floor, Trenton, New Jersey ("Administrator"), requesting an application for

disability benefits, and received no response.  He asks the Court to issue a writ of mandamus pursuant to Section 1361 directing the Administrator to furnish an application.

## II.  DISCUSSION

Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  The essential facts establishing federal jurisdiction must appear on the face of the complaint.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182, 189 (1936).  The plaintiff "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court."  Id. at 189.  Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Plaintiff seeks a writ of mandamus directing the Administrator — a state government official — to furnish him an application for disability benefits.  "The federal courts, however, have no

2

general power in a mandamus action to compel action . . . by state officials." In re Jones, No. 01-4312, 28 Fed.Appx. 133, 135 (3d Cir. Jan. 17, 2002).  See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) (stating same).  The Court is constrained to dismiss the Petition for lack of jurisdiction.[1]

### III. CONCLUSION

The Court will grant Plaintiff's application to file the Petition in forma pauperis and dismiss the Petition for lack of jurisdiction.  The Court will enter an appropriate order and judgment.

                        s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge

---

[1] Plaintiff's claim, in any event, appears to be without merit.  The ADA, 42 U.S.C. § 12101 et seq., prohibits discrimination on the basis of disability in employment, public services, public accommodations, and telecommunications, but it does not require the payment of disability benefits.